# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2013

No. 12-51131
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MELVIN ALEXIS RODRIGUEZ-GALINDO, also known as Melvin Alexis Ortega-Rodriguez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-61-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Martin Alexis Rodriguez-Galindo pleaded guilty to illegally reentering the United States after having been removed, in violation of 8 U.S.C. § 1326, and he was sentenced within the applicable Sentencing Guidelines range to 50 months in prison and three years of supervised release. He argues that the sentence is substantively unreasonable because it is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We consider the reasonableness of the sentence under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Although Rodriguez-Galindo asserts that the presumption of reasonableness should not apply to his within-guidelines sentence because U.S.S.G. § 2L1.2 lacks an empirical basis, he concedes that this argument is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

Rodriguez-Galindo contends that the within-guidelines sentence imposed is greater than necessary to meet the sentencing goals of § 3553(a) because the applicable Guidelines were not based on empirical data or national experience and overstated his criminal history by double counting his prior conviction. We have consistently rejected these arguments. *See Duarte*, 569 F.3d at 529-30; *Mondragon-Santiago*, 564 F.3d at 366-67. Rodriguez-Galindo also contends that the Guidelines overstated the seriousness of his reentry offense which was not inherently evil, posed no danger to anyone, and was at bottom a trespass offense. We have consistently rejected similar arguments. *See United States v. Juarez-Duarte*, 513 F.3d 204, 212 (5th Cir. 2008); *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

As for Rodriguez-Galindo's argument that the sentence failed to reflect his personal history and characteristics, the record shows that the district court considered mitigating factors and balanced them against other § 3553(a) factors. Rodriguez-Galindo has failed to show that his within-guidelines sentence "does not account for a factor that should receive significant weight, . . . gives significant weight to an irrelevant or improper factor, or . . . represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). We find no reason to disturb the presumption of reasonableness in this case. *See id.*; *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.